# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

In Re:                              )
                                    )   **JUDGE RICHARD L. SPEER**
Robert E. Logan                     )
                                    )   Case No. 12-32060
    Debtor(s)            )
                                    )

## DECISION AND ORDER

    This case was commenced on April 30, 2012. On May 1, 2012, the Court issued to creditors a notice of the commencement of the Debtor's bankruptcy case. (Doc. No. 4). In this notice it was set forth: "Deadline to Object to Debtor's Discharge or to Challenge Dischargeability of Certain Debts: August 24, 2012." *Id.*

    On May 25, 2012, the Debtor commenced an adversary proceeding against Stanley and Laura Doremus, Case No. 12-3087. (Doc. No. 10). On August 9, 2012, a PreTrial was held in this matter. On the same day, the Defendant, Stanley Doremus, pro se, caused to be filed a document captioned "Stanley B. Doremus, Et. al. v. Robert Logan, Et. al." This document was entitled:

> Motions/Actions:
> A. Complaint to Determine
> Dischargeability, Dated May 1,
> 2012
> B. Answer, Undated, Received May 29, 2012.

This document further contained the following statements:

> Enclosed please find Complaint and Answer to be filed with the Court. Please file promptly.
>
> Above listed Creditor is Indigent; whereby, same requests Indigent status regarding any/all inclusive Court or Filing Fees.

In re: Robert E. Logan
Case No. 12-32060

As the basis for the filing of the document, Mr. Doremus made a number of averments, including this statement

> To answer is moot, given the Debt is NOT dischargeable via 11 USC ss523
> and 11 USC 7; due to above fraudulent, willful and malicious actions and act
> of the inclusive Debtor, inclusive of breach of fiduciary duty.

This document was docketed, in adversary case number 12-3087, as an answer to the Debtor's complaint.

### DISCUSSION

In the document filed with the Court, it would appear that Mr. Doremus seeks to accomplish two goals: (1) Answer the Complaint filed by the Debtor, Robert E. Logan; and (2) have it determined that any claim he holds the Debtor is a nondischargeable debt. At the present, however, the document filed Mr. Doremus has only been construed as an answer to the Debtor's complaint.

An action to determine dischargeability is commenced by the filing of an adversary proceeding. FED.R.BANKR.P. 7001(6). The fee to file a complaint to determine dischargeability is $293.00. This fee is prescribed by the Bankruptcy Court Miscellaneous Fee Schedule, as enacted by the Judicial Conference pursuant to 28 U.S.C. § 1930. No fee, however, is required when answering a complaint.

In this matter, Mr. Doremus, when filing his document with the Court, did not tender a fee – hence the Clerk's acceptance of Mr. Doremus' document as an answer, but not as a complaint to determine dischargeability. As stated, however, it is apparent that Mr. Doremus seeks to have this Court construe his document as a complaint to determine dischargeability. It also follows that, by asserting indigent status, Mr. Doremus seeks to have this Court waive the $293.00 filing fee.

12-32060-jpg    Doc 19    FILED 08/21/12    ENTERED 08/21/12 15:52:55    Page 2 of 6

In re: Robert E. Logan
Case No. 12-32060

      The Federal Rules of Procedure, and the applicable Bankruptcy Rules which incorporate the Federal Rules of Procedure, are based on notice pleading. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 585, 127 S.Ct. 1955 (2007). In this way, Bankruptcy Rule 7008, incorporating Federal Rule of Procedure 8(a)(2), requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Pro se pleadings are also to be liberally construed and are held to less stringent standards than the formal pleadings prepared by attorneys. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir.2011).

      Within this framework, the Court has no difficulty in construing the document filed by Mr. Doremus as a complaint to determine dischargeability. In the document, Mr. Doremus specifically cites to § 523 of the Bankruptcy Code which governs complaints to determine dischargeability. The request by Mr. Doremus to waive the filing fee, however, is more problematic.

      In Part 6, of the Bankruptcy Court Miscellaneous Fee Schedule, it is provided:

(6) For filing a complaint, $293, except:

- This fee must not be charged if–

    - the debtor is the plaintiff; or

    - a child support creditor or representative files the complaint and submits the form required by § 304(g) of the Bankruptcy Reform Act of 1994.

There is, thus, no specific authority to waive, as requested by Mr. Doremus, the filing fee for a complaint to determine dischargeability on the basis that the plaintiff is without sufficient funds. There is also no indication that either of the above two exceptions to the $293.00 charge to file an adversary complaint is applicable to Mr. Doremus.

Page 3

In re: Robert E. Logan
Case No. 12-32060

This lack of specific authority to waive the filing fee, on the basis that the plaintiff is without sufficient funds, is inapposite to the situation involving the commencement of a bankruptcy case. Pursuant to 28 U.S.C. § 1930(f)(1), it is explicitly provided that the filing fee may be waived for a bankruptcy case of an individual debtor who has income less than 150 percent of the income official poverty line. Subsection (3) of this provision, however, then goes on to clarify that "[t]his subsection does not restrict the district court or the bankruptcy court from waiving, in accordance with Judicial Conference policy, fees prescribed under this section for other debtors and creditors."

It would, thus, appear that, under limited circumstances, a court can waive the filing fee for a creditor seeking to file a complaint to determine dischargeability. Although no parameters are prescribed which specify the conditions under which such a filing fee should be waived,[1] the Court is persuaded that, given Mr. Doremus' assertion of indigence status, and the approaching deadline to file a dischargeability complaint, it is appropriate to waive the filing fee under the particular conditions of this case.

---

[1] The Judicial Conference has not yet issued a policy concerning waiving fees for other debtors and creditors. BANKRUPTCY FEE COMPENDIUM III, April 2012 Edition, pg. 60 fn. 260.

Page 4

In re: Robert E. Logan
Case No. 12-32060

Accordingly, for these reasons, it is hereby

**ORDERED** that the Clerk, United States Bankruptcy Court, shall initiate a separate adversary proceeding, utilizing the Answer filed by Stanley Doremus in Case No. 12-3087 as a complaint to determine the dischargeability of a debt.

***IT IS FURTHER ORDERED*** that, in all matters before the Court, Stanley Doremus shall be subject to all applicable Bankruptcy Rules and Local Bankruptcy Rules.

Dated: August 21, 2012

Richard L. Speer
United States
Bankruptcy Judge

# CERTIFICATE OF SERVICE

Copies were mailed this 21st day of August, 2012 to:

Robert E Logan
740 Lodge Ave.
Toledo, OH 43609

Abbey M. Flynn
425 Jefferson Ave.
Suite 910
Toledo, OH 43604

Stanley Doremus
819 Wright Ave.
Toledo, OH 43609

Laura Doremus
819 Wright
Toledo, OH 43609

Douglas A Dymarkowski
5431 Main Street
Sylvania, OH 43560
419-882-4999

    /s/ Teresa Y. McBee
Deputy Clerk, U.S. Bankruptcy Court